Diana **PENALOZA RIOQUINTO,**
Petitioner,

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

No. 05–77390.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007.*

Filed April 30, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Diana Penaloza Rioquinto, Anaheim, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, William C. Minick, Esq., Leslie McKay, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER and BEA, Circuit Judges.

## MEMORANDUM **

Diana Penaloza Rioquinto seeks review of the Board of Immigration Appeals' ("BIA") order denying her motion to reconsider and reopen removal proceedings. To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of mo-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tions to reopen or to reconsider. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part the petition for review.

◼ The BIA did not abuse its discretion in denying Penaloza Rioquinto's motion to reopen as untimely because it was filed more than ten months after the BIA's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of final order of removal), and Penaloza Rioquinto did not show she was entitled to equitable tolling, *see Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (deadline for filing motion to reopen can be equitably tolled "when petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence.").

◼ In Penaloza Rioquinto's opening brief, she fails to address, and therefore has waived any challenge to, the BIA's determination that to the extent she sought reconsideration, her motion was number-barred. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding issues which are not specifically raised and argued in a party's opening brief are waived).

◼ We lack jurisdiction to review Penaloza Rioquinto's contention that the immigration judge ("IJ") did not allow her to present testimony regarding the circumstances of her prior removal because she failed to raise it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are "procedural in nature" must be exhausted).

◼ We lack jurisdiction to review the BIA's underlying order dismissing Penalo-

za Rioquinto's direct appeal from the IJ's decision because this petition for review is not timely as to that order. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**